IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ERIC LEE ROTHENBERG, | § § § | |
| Petitioner, | § | |
| vs. | § § | CIVIL ACTION G-08-0199 |
| NATHANIEL QUARTERMAN, | § § § | |
| Respondent. | § | |

## ORDER

On March 31, 2009, this court granted the respondent's motion to dismiss the petition as time-barred. (Docket Entry No. 12). On February 28, 2011, the petitioner filed a motion for relief from judgment. (Docket Entry No. 23).

Federal Rule of Civil Procedure 60(b) provides that:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b)(1), (2) and (3) motions may be filed up to one year after the

judgment is entered, and "within a reasonable time" for all remaining grounds. *See* FED. R. CIV. P. 60(b). Under Rule 60(b)(6), a court may vacate a judgment only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

To the extent that the Petitioner argues that there is additional evidence to support his claims, or is raising a new claim, he is seeking to file a successive petition without the permission from the Fifth Circuit Court of Appeals required by AEDPA. This court lacks jurisdiction to consider such

a claim. Title 28 U.S.C. Section 2244(b)(3)(A) provides that before a second or successive application permitted by section 2244(b)(2) is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997)(detailing the procedure for obtaining authorization from the appellate court).

This court previously determined that the Petitioner's claims are barred by limitations. The petitioner has failed to establish "extraordinary circumstances" on which to vacate the judgment.

The petitioner's motion for reconsideration, (Docket Entry No. 23), is DENIED.

SIGNED at Houston, Texas, on July 27, 2011.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE